UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION, INC.,<br>ACTIVISION PUBLISHING, INC.,<br>ACTIVISION BLIZZARD, INC.,<br>BLIZZARD ENTERTAINMENT, INC., and<br>ZYNGA, INC.<br><br>Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC ("Walker Digital") by way of this Complaint against Activision, Inc. ("Activision"), Activision Publishing, Inc. ("Activision Publishing"), Activision Blizzard, Inc. ("Activision Blizzard"), Blizzard Entertainment, Inc. ("Blizzard"), and Zynga, Inc. ("Zynga") (collectively, "Defendants") hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

### JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

2. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendants because they regularly conduct and solicit business in Delaware and derive substantial revenue from goods used or services rendered in Delaware and within this judicial district.

4. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c) and because Defendants have committed acts of infringement in this judicial district.

## PARTIES

5. Walker Digital is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2 High Ridge Park, Stamford, Connecticut 06905.

6. Activision, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3100 Ocean Park Blvd., Santa Monica, California 90405.

7. Activision Publishing, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3100 Ocean Park Blvd., Santa Monica, California 90405.

8. Activision Blizzard, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3100 Ocean Park Blvd., Santa Monica, California 90405.

9. Blizzard Entertainment, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 16215 Alton Parkway, Irvine, California 92618.

10. Zynga, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4104 24th Street, #363, San Francisco, California 94114.

## FACTUAL BACKGROUND

*Walker Digital and the Patent*

11. Walker Digital is in the business of inventing. It has never purchased the intellectual property of others. It does not need to purchase other patents. Its staff of technology professionals studies human behavior to create new inventions that make use of modern information technology.

12. Since 1993, Walker Digital has launched a number of businesses to exploit its in-house-developed intellectual property that is now a portfolio consisting of over 500 patents and patent applications. Walker Digital's founder, Jay Walker, is best known for creating www.priceline.com. He also has twice been named by the editors of *Time* magazine as one of the 50 most influential business leaders in the digital age, and *Business Week* selected him as one of its 25 internet pioneers most responsible for "changing the competitive landscape of almost every industry in the world."

13. Walker Digital's patents are in various commercial areas including retail, vending, credit cards, security, gaming, and entertainment.

14. One of Walker Digital's gaming patents, which is at issue here, concerns a product and method of distributed electronic tournaments for a plurality of players that exchanges information with a central controller to influence game play while a player plays in the tournament and stores player information to influence game play in a subsequent tournament.

15. On July 30, 2002, the United States Patent and Trademark Office issued United States Patent No. 6,425,828 ("the Patent") on an electronic tournaments invention. The Patent is entitled DATABASE DRIVEN ONLINE DISTRIBUTED TOURNAMENT SYSTEM. A copy of the Patent is attached as Exhibit 1.

16. At all times, Walker Digital has been the sole assignee of the Patent.

*Defendants' Infringing Products*

17. Activision, Activision Publishing, and Activision Blizzard make, offer for sale, and/or sell within this judicial district the following infringing software products:

    a. *007: Quantum of Solace*

    b. *Blood Stone: 007*

    c. *Blur*

    d. *Cabela's North American Adventures*

    e. *Call of Duty: Black Ops*

    f. *Call of Duty 4: Modern Warfare*

    g. *Call of Duty: Modern   Warfare 2*

    h. *Call of Duty: World at War*

    i. *DJ Hero 2*

    j. *Golden Eye: 007*

    k. *Soldier of Fortune: Payback*

    l. *Transformers: War for Cybertron*

    m. *Wolfenstein*

18. Each of the software products identified in paragraph 17 conducts a distributed electronic tournament for a plurality of players. The products exchange information with a

central controller to influence game play while a player plays in the tournament and store player information to influence game play in a subsequent tournament.

19. Discovery may show that Activision, Activision Publishing, and Activision Blizzard make, offer for sale, and/or sell additional infringing software products.

20. Blizzard and Activision Blizzard make, offer for sale, and/or sell within this judicial district the following infringing software products:

  a. *World of Warcraft*

  b. *World of Warcraft: Cataclysm*

  c. *World of Warcraft: The Burning Crusade*

  d. *World of Warcraft: Wrath of the Lich King*

21. Each of the software products identified in paragraph 20 conducts a distributed electronic tournament for a plurality of players. The products exchange information with a central controller to influence game play while a player plays in the tournament and store player information to influence game play in a subsequent tournament.

22. Discovery may show that Blizzard and Activision Blizzard make, offer for sale, and/or sell additional infringing software products.

23. Zynga makes, offers for sale, and/or sells within this judicial district the following infringing software products:

  a. *Fashion Wars*

  b. *Mafia Wars*

  c. *Pirates*

  d. *Special Forces*

  e. *Street Racing*

*f. Vampire Wars*

24. Each of the software products identified in paragraph 23 conducts a distributed electronic tournament for a plurality of players. The products exchange information with a central controller to influence game play while a player plays in the tournament and store player information to influence game play in a subsequent tournament.

25. Discovery may show that Zynga makes, offers for sale, and/or sells additional infringing software products.

## CLAIM FOR RELIEF

### First Count of Infringement Against Activision

26. Walker Digital repeats and re-alleges paragraphs 1-25 as if fully set forth herein.

27. Activision, through at least the products identified in paragraph 17, has been and still is infringing the Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the Patent.

28. As a direct and proximate result of Activision's acts of infringement, Walker Digital has been, is being, and will be damaged. Consequently, Walker Digital is entitled to compensation for its damages from Activision under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Second Count of Infringement Against Activision Publishing

29. Walker Digital repeats and re-alleges paragraphs 1-25 as if fully set forth herein.

30. Activision Publishing, through at least the products identified in paragraph 17, has been and still is infringing the Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the Patent.

31. As a direct and proximate result of Activision Publishing's acts of infringement, Walker Digital has been, is being, and will be damaged. Consequently, Walker Digital is

entitled to compensation for its damages from Activision Publishing under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Third Count of Infringement Against Activision Blizzard

32. Walker Digital repeats and re-alleges paragraphs 1-25 as if fully set forth herein.

33. Activision Blizzard, through at least the products identified in paragraphs 17 and 20, has been and still is infringing the Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the Patent.

34. As a direct and proximate result of Activision Blizzard's acts of infringement, Walker Digital has been, is being, and will be damaged. Consequently, Walker Digital is entitled to compensation for its damages from Activision Blizzard under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Fourth Count of Infringement Against Blizzard

35. Walker Digital repeats and re-alleges paragraphs 1-25 as if fully set forth herein.

36. Blizzard, through at least the products identified in paragraph 20, has been and still is infringing the Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the Patent.

37. As a direct and proximate result of Blizzard's acts of infringement, Walker Digital has been, is being, and will be damaged. Consequently, Walker Digital is entitled to compensation for its damages from Blizzard under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Fifth Count of Infringement Against Zynga

38. Walker Digital repeats and re-alleges paragraphs 1-25 as if fully set forth herein.

39. Zynga, through at least the products identified in paragraph 23, has been and still is infringing the Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the Patent.

40. As a direct and proximate result of Zynga's acts of infringement, Walker Digital has been, is being, and will be damaged. Consequently, Walker Digital is entitled to compensation for its damages from Zynga under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

## PRAYER FOR RELIEF

WHEREFORE, Walker Digital respectfully asks the Court for the following relief:

(i) A judgment declaring that Activision has infringed the Patent as alleged herein;

(ii) A judgment declaring that Activision Publishing has infringed the Patent as alleged herein;

(iii) A judgment declaring that Activision Blizzard has infringed the Patent as alleged herein;

(iv) A judgment declaring that Blizzard has infringed the Patent as alleged herein;

(v) A judgment declaring that Zynga has infringed the Patent as alleged herein;

(vi) A judgment and order awarding Walker Digital damages under 35 U.S.C. § 284;

(vii) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(viii) A judgment and order awarding Walker Digital pre-judgment and post-judgment interest on the damages awarded;

(ix) Such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Walker Digital requests a trial by jury on all issues so triable.

Dated: January 3, 2011

          */s/Richard K. Herrmann*
          Richard K. Herrmann (#405)
          Kenneth L. Dorsney (#3726)
          Mary B. Matterer (#2696)
          Amy A. Quinlan (#3021)
          MORRIS JAMES LLP
          500 Delaware Avenue, Suite 1500
          Wilmington, Delaware 19801
          Phone:   (302) 888-6800
          rherrmann@morrisjames.com

          *Attorneys for Plaintiff Walker Digital, LLC*