IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-004 (GMS) |
| | ) | |
| ACTIVISION, INC., ACTIVISION | ) | **JURY TRIAL DEMANDED** |
| PUBLISHING, INC., ACTIVISION | ) | |
| BLIZZARD, INC., BLIZZARD | ) | |
| ENTERTAINMENT, INC. and ZYNGA, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF ZYNGA INC.

Defendant Zynga Inc. ("Zynga") files this Answer to the Complaint for Patent Infringement of Plaintiff Walker Digital, LLC ("Walker Digital").

## JURISDICTION AND VENUE

1.      Zynga admits that the claims have been characterized by Walker Digital as arising under 35 U.S.C. §§ 100, et seq., and in particular § 271.

2.      Zynga admits that this Court has subject matter jurisdiction over meritorious causes of action arising under the patent laws of the United States. Zynga denies that Walker Digital has set forth any meritorious cause of action.

3.      Zynga admits that it transacts or has transacted business in Delaware. Furthermore, Zynga admits that this Court has personal jurisdiction over Zynga. Zynga denies the remaining allegations of paragraph 3.

4.      Zynga does not contest that venue is appropriate in this District; however, venue may be more appropriate in another district for the convenience of the parties. Zynga admits that it transacts or has transacted business in this judicial district, but denies the allegation

that it has committed acts of patent infringement in this judicial district.

## PARTIES

5.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, therefore, denies them.

6.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies them.

7.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, denies them.

8.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, denies them.

9.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies them.

10.      Zynga denies the allegations of paragraph 10.

## FACTUAL BACKGROUND

11.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies them.

12.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, therefore, denies them.

13.      Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, therefore, denies them.

14.      Zynga admits that Exhibit 1 of the Complaint appears to be a copy of U.S. Patent No. 6,425,828, entitled DATABASE DRIVEN ONLINE DISTRIBUTED TOURNAMENT SYSTEM.  Zynga admits the document speaks for itself and, thus, Zynga

denies any characterizations of the document.  Zynga denies the remaining allegations of paragraph 14.

15.     Zynga admits that Exhibit 1 of the Complaint appears to be a copy of U.S. Patent No. 6,425,828, entitled DATABASE DRIVEN ONLINE DISTRIBUTED TOURNAMENT SYSTEM.  Zynga admits the document speaks for itself and, thus, Zynga denies any characterizations of the document.  Zynga denies the remaining allegations of paragraph 15.

16.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, therefore, denies them.

17.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, therefore, denies them.

18.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, therefore, denies them.

19.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and, therefore, denies them.

20.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and, therefore, denies them.

21.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, denies them.

22.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, therefore, denies them.

23.     Zynga denies the allegations of paragraph 23.

24.     Zynga denies the allegations of paragraph 24.

25.     The allegations contained in paragraph 25 do not contain facts which Zynga must admit or deny.  To the extent the allegations can be viewed as facts requiring a response, Zynga denies the allegations of paragraph 25.

## CLAIM FOR RELIEF

### FIRST COUNT OF INFRINGEMENT AGAINST ACTIVISION

26.     Zynga repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 25 as if fully set forth.

27.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, denies them.

28.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, denies them.

### SECOND COUNT OF INFRINGEMENT AGAINST ACTIVISION PUBLISHING

29.     Zynga repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 25 as if fully set forth.

30.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, denies them.

31.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, denies them.

### THIRD COUNT OF INFRINGEMENT AGAINST ACTIVISION BLIZZARD

32.     Zynga repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 25 as if fully set forth.

33.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and, therefore, denies them.

34.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, therefore, denies them.

## FOURTH COUNT OF INFRINGEMENT AGAINST BLIZZARD

35.     Zynga repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 25 as if fully set forth.

36.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, therefore, denies them.

37.     Zynga is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and, therefore, denies them.

## FIFTH COUNT OF INFRINGEMENT AGAINST ZYNGA

38.     Zynga repeats and incorporates each of its responses to the allegations contained in paragraphs 1 through 25 as if fully set forth.

39.     Zynga denies the allegations of paragraph 39.

40.     Zynga denies the allegations of paragraph 40.

## PRAYER FOR RELIEF

Zynga denies that Plaintiff is entitled to any relief, including any injunctive relief, requested in its Prayer for Relief or any other relief.

## DEMAND FOR JURY TRIAL

This section purports to request a trial by jury and does not require a response.

## GENERAL DENIAL

To the extent any allegation contained in Walker Digital's Complaint has not been specifically admitted, it is denied.  Zynga further denies any allegation that may be stated, implied by, or inferred from the headings contained in Walker Digital's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the Asserted Patent)

Zynga has not infringed, either literally or under the doctrine of equivalents, any claim(s) of the '828 patent, and Zynga is not liable for any infringement thereof.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the Asserted Patent)

Each claim of the '828 patent is invalid for one or more of the following reasons: the claim is invalid for failing to satisfy the conditions for patentability under 35 U.S.C. §§ 101, 102 and/or 103; the claim fails to meet one or more requirement of 35 U.S.C. § 112; and/or the claim does not otherwise meet one or more requirements of Part II of Title 35 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mark)

On information and belief, Walker Digital is not entitled to recover damages due to the failure of it and its predecessors or licensees to mark products made by or for them, or to otherwise provide notice prior to filing of this action in accordance with the provisions of 35 U.S.C. § 287(a).

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

The claims of the '828 patent cannot be enforced against Zynga under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the claims of the '828 patent cover or include the accused technology or their use.

Zynga reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

WHEREFORE, Zynga requests that judgment be entered against Walker Digital in connection with its Complaint, that Zynga be awarded its costs, fees, and other expenses incurred in defending against Walker Digital's claims, and for such other relief deemed appropriate by the Court.

## COUNTERCLAIMS

Zynga alleges the following counterclaims against Walker Digital:

### THE PARTIES

1.      Zynga is a Delaware corporation with its headquarters located at 444 De Haro Street, Suite 125, San Francisco, California 94107.

2.      On information and belief, Plaintiff Walker Digital is a limited liability company organized under the laws of the state of Delaware which purports to have a principal place of business at 2 High Ridge Park, Stamford, Connecticut 06905.

### JURISDICTION AND VENUE

3.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      Venue and personal jurisdiction for these counterclaims are proper in this Court under 28 U.S.C. § 1391(b) in that Plaintiff Walker Digital admits in its Complaint that it is a Delaware LLC.  They are also proper for these counterclaims because Plaintiff consented to jurisdiction in this District by filing suit against Zynga in this Court.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-infringement)

5.      Zynga repeats and incorporates by reference paragraphs 1 through 4 of its Counterclaims as if fully set forth.

6.      Walker Digital has expressly charged Zynga with infringement of the '828

patent by filing its Complaint against Zynga.

7.     Zynga has not infringed, either literally or under the doctrine of equivalents, any claims(s) of the '828 patent.

8.     An actual controversy, within the meaning of 28 U.S.C. §§ 1331, 1338, 2201, and 2202, exists between Walker Digital and Zynga regarding the non-infringement of the claim(s) of the '828 patent.

9.     Zynga is entitled to judgment declaring that Zynga has not infringed, either literally or under the doctrine of equivalents, any claim(s) of the '828 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

10.     Zynga repeats and incorporates by reference paragraphs 1 through 9 of its Counterclaims as if fully set forth.

11.     Each claim of the '828 patent is invalid for one or more of the following reasons: the claim is invalid for failing to satisfy the conditions for patentability under 35 U.S.C. §§ 101, 102, and/or 103; the claim fails to meet one or more requirements of 35 U.S.C. § 112; and/or the claim does not otherwise meet one or more requirements of Part II of Title 35 of the United States Code.

12.     An actual controversy, within the meaning of 28 U.S.C. §§ 1331, 1338, 2201, and 2202, exists between Walker Digital and Zynga regarding the validity of the claim(s) of the '828 patent.

13.     Zynga is entitled to judgment declaring that each claim of the '828 patent is invalid for one or more of the following reasons: the claim is invalid for failing to satisfy the conditions for patentability under 35 U.S.C. §§ 101, 102, and/or 103; the claim fails to meet one or more requirements of the 35 U.S.C. §112; and/or the claim does not otherwise meet one or

more requirement of Part II of Title 35 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, Zynga respectfully prays for the following relief:

A.    Judgment against Walker Digital on, and dismissal with prejudice of, the claims in Walker Digital's Complaint against Zynga;

B.    Judgment declaring that Zynga has not infringed, either literally or under the doctrine of equivalents, any claim(s) of the '828 patent;

C.    Judgment declaring that each claim of the '828 patent is invalid;

D.    Preliminary and permanent relief enjoining Walker Digital, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Zynga, or against any customers or potential customers of Zynga, or against any users or potential users of Zynga's products and services, any charge of infringement of any claim(s) of the '828 patent;

E.    Judgment awarding Zynga its costs and attorneys' fees; and

F.    For such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Patrick A. Lujin
B. Trent Webb
Megan J. Redmond
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

March 17, 2011
4142314

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 1 9899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard K. Herrmann, Esquire
> Kenneth L. Dorsney, Esquire
> Mary B. Matterer, Esquire
> Amy A. Quinlan, Esquire
> MORRIS JAMES LLP

I further certify that I caused copies of the foregoing document to be served on March 17, 2011, upon the following in the manner indicated:

Richard K. Herrmann, Esquire                              *VIA ELECTRONIC MAIL*
Kenneth L. Dorsney, Esquire
Mary B. Matterer, Esquire
Amy A. Quinlan, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801

Karen H. Bromberg, Esquire                                *VIA ELECTRONIC MAIL*
Sandra C. McCallion, Esquire
Francisco A. Villegas, Esquire
Damir Cefo, Esquire
COHEN & GRESSER LLP
800 Third Avenue
21st Floor
New York, NY  10022

_____
Jack B. Blumenfeld (#1014)